FILED
APR 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE PRESS<br>501 Third Street N.W., Suite 875<br>Washington, D.C. 20001,<br><br>                                          Plaintiff,<br><br>v.<br><br>WARREN COMMUNICATIONS NEWS, INC.<br>2115 Ward Court N.W.,<br>Washington, D.C. 20037,<br><br>                                          Defendant. | Case: 1:08-cv-00623<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 4/10/2008<br>Description: General Civil<br><br>Jury Demand |



## COMPLAINT

Plaintiff Free Press hereby makes its complaint against Defendant Warren Communications News, Inc., as follows:

**I.   PARTIES**

**Plaintiff Free Press**

1. Plaintiff Free Press ("Free Press" or "Plaintiff") is a domestic nonprofit corporation organized and existing under the laws of the District of Columbia with offices located at 501 Third Street N.W., Suite 875, Washington, D.C. 20001, and its principal place of business located at 40 Main Street, Florence, Massachusetts 01062. Free Press is a tax-exempt, nonprofit, nonpartisan organization promoting media reform through education and outreach. Free Press is not affiliated with any for-profit enterprises that include the words "Free Press" in their names or in the titles of their publications.

### Defendant Warren Communications

2. Defendant Warren Communications News, Inc. ("Warren Communications" or "Defendant") is a Delaware corporation having its principal place of business located at 2115 Ward Court N.W., Washington, D.C. 20037, and having CT Corporation System, 1015 15th Street, N.W. Suite 1000, Washington, D.C. 20005, as its registered agent in the District of Columbia. Defendant publishes news on the telecommunications, broadcasting, Internet, and the consumer electronics industries. Defendant's *Communications Daily* provides news coverage relating to electronic communications, including coverage of the Federal Communications Commission.

### II. NATURE OF THE ACTION

3. This action seeks remedies and relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Robinson Patman Act, 15 U.S.C. §§ 13 *et seq.*, and the Clayton Act, 15 U.S.C. §§ 15 *et seq.*

4. This action is brought to declare Free Press's rights and other legal relations and to obtain other relief in connection with Defendant's assertion that Free Press is liable to Defendant for millions of dollars in statutory damages for copyright infringement.

5. The action also asserts a claim against Defendant for unlawful price discrimination under the Robinson Patman Act. There is a private right of action under the Clayton Act for "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15(a).

### III. JURISDICTION AND VENUE

#### Subject-Matter Jurisdiction

6. Subject-matter jurisdiction in this action arises pursuant to 28 U.S.C. § 1338(a), which provides, in relevant part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."

7. Subject-matter jurisdiction in this action also arises pursuant to 28 U.S.C. § 1337, which provides, in relevant part, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

8. Subject-matter jurisdiction in this action further arises pursuant to 28 U.S.C. § 1331, based on the existence of a Federal question under the copyright and antitrust laws of the United States. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

#### Venue

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). All or a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

10. The facts of this case are more closely related to the District of Columbia than to any other jurisdiction.

#### Personal Jurisdiction

11. Personal jurisdiction over Defendant arises pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and District of Columbia Code §§ 29-101.108 and 13-422. Defendant has

a duly appointed registered agent in the District of Columbia and maintains its principal place of business in the District of Columbia.

### III.  BACKGROUND FACTS

12.  On or about March 28, 2008, Defendant's attorney sent a letter (the "March 28 Letter") to Free Press's attorney asserting a right to millions of dollars in statutory damages for copyright infringement and offering to settle for an amount in excess of $1,000,000.

13.  The March 28 Letter alleges that one or more Free Press employees had configured email to automatically forward the email edition of *Communications Daily*, a daily newsletter published by Defendant, to one or more other Free Press employees during the period March 2005 until January 2008.

14.  Pursuant to an annual subscription paid for by Free Press, the email edition of *Communications Daily* was electronically delivered by Defendant to Free Press employee Ben Scott, who is the head of Free Press's policy team in Washington, D.C., which monitors and analyzes media policymaking to increase public awareness and participation. Mr. Scott is a doctoral candidate at the University of Illinois and the author of several scholarly articles and co-editor of two books on media policy. Mr. Scott is not a business person.

15.  Neither Mr. Scott nor other employees in Free Press's Washington office are authorized to make business decisions on behalf of Free Press, which is managed out of its headquarters office in Florence, Massachusetts.

16.  On information and belief, Defendant incorporated tracking software into the email edition of *Communications Daily* to provide Defendant with prompt notice when emails

-4-

were forwarded.

17.     Notwithstanding the apparent use of tracking software, Defendant waited approximately three years, until January 2008, to bring the alleged forwarding of *Communications Daily* emails to the attention of the business management of Free Press.

18.     The business management of Free Press was not aware of the alleged email forwarding until Defendant brought it to their attention in January 2008. Defendant has not alleged that such forwarding continued after notification was made to the business management of Free Press.

19.     On information and belief, *Communications Daily* is sold by Defendant on the basis of annual subscriptions rather than individual issues.

20.     On information and belief, Defendant's web site offers 30-days trial subscriptions to *Communications Daily* at no charge

21.     On information and belief, in those instances in which *Communications Daily* has been registered with the Copyright Office, it has been registered in one-month compilations.

22.     Defendant's March 28 Letter asserts a copyright infringement claim against Free Press for statutory damages, augmented on grounds of asserted willfulness, for infringing 700 "works" under Section 504(c) of the Copyright Act.

23.     On information and belief, Defendant registered only 23 monthly compilation copyrights for the period March 2005 through January 2008. Even if each issue within a monthly compilation were treated as an individual "work" for purposes of statutory damages — which would be improper, because the issues were not separately registered and do not have separate economic value — no more than approximately 480 registered issues could possibly be involved.

24.     Defendant did not experience any injury from the alleged forwarding of *Communications Daily* emails.

25.     Free Press did not obtain any profits from the alleged forwarding of *Communications Daily* emails.

26.     The fair market value of *Communications Daily* is less than the subscription price.

27.     On information and belief, Defendant does not sell *Communications Daily* on an issue-by-issue basis but only on the basis of annual subscriptions.

28.     Free Press was being charged $4,695 per year to receive *Communications Daily* emails when Defendant began pressing the copyright infringement claims discussed herein.

29.     On information and belief, Defendant provides *Communications Daily* to one or more subscribers without charge or at a reduced charge.

30.     On information and belief, at least one subscriber receiving *Communications Daily* without charge or at a reduced charge competes with Free Press in, among other markets, a nationwide market for donations that finance nonprofit organizations.

31.     After Defendant brought the email forwarding to Free Press's attention (Paragraph 18, above), but prior to the March 2008 Letter, Free Press elected not to renew its subscription to *Communications Daily*.

## IV.    COUNT ONE: ROBINSON PATMAN ACT VIOLATION

32.     Each and every allegation of Paragraphs 1-31 is incorporated by reference as if fully restated herein.

33. Defendant distributes *Communications Daily* in interstate commerce in the United States of America.

34. Defendant distributes *Communications Daily* for use, consumption, or resale within the United States and/or its Territories and/or the District of Columbia and/or an insular possession or other place under the jurisdiction of the United States.

35. During the time Free Press subscribed to *Communications Daily*, Free Press was being charged approximately $4,695 for an annual subscription, while, on information and belief, one or more other subscribers received the same *Communications Daily* at no charge or at a lower charge.

36. The purchases of *Communications Daily* discussed in the preceding paragraph were made in commerce.

37. At least one subscriber receiving *Communications Daily* on more favorable terms than Free Press, as discussed above, is a competitor of Free Press in, among other markets, a nationwide market for donations that finance the operations of nonprofit organizations.

38. All *Communications Daily* subscriptions are of like grade and quality.

39. Defendant's price discrimination substantially lessens competition in a manner the Robinson Patman Act was intended to prevent.

40. Defendant's price discrimination against Free Press has caused injury to Free Press.

## V.  COUNT TWO: DECLARATORY JUDGMENT

41. Each and every allegation of Paragraphs 1-40 is incorporated by reference as if fully restated herein.

42. There is a justiciable controversy between Free Press and Defendant.

43. Statutory damages are not available to Defendant for every *Communications Daily* email alleged to have been forwarded, because Section 412 of the Copyright Act, 17 U.S.C. § 412, limits the availability of statutory damages to copyrights that have been registered.

44. Defendant's assertion of a right to millions of dollars in statutory damages to which it is not entitled, because of its failure to register, constitutes copyright misuse.

45. The three-year statute of limitations under Section 507(b) of the Copyright Act bars at least a portion of the copyright infringement damages sought by Defendant.

46. On information and belief, *Communications Daily* is sold by Defendant on the basis of annual subscriptions rather than on the basis of individual issues.

47. On information and belief, *Communications Daily* is marketed by Defendant in part through free 30-day trial subscriptions.

48. On information and belief, on those occasions when *Communications Daily* has been registered with the Copyright Office, it has been registered on a monthly basis.

49. Individual *Communications Daily* emails do not have separate economic value.

50. On information and belief, *Communications Daily* is given away by Defendant to some customers without charge.

51. Defendant did not experience actual damages as a result of the alleged forwarding of *Communications Daily* emails.

52. The conduct of Free Press and/or its employees in connection with the alleged forwarding of *Communications Daily* emails did not cause any injury to Defendant.

53. Free Press is a nonprofit organization, and there are no profits attributable to the alleged copyright infringement.

54. The conduct of Free Press and/or its employees in connection with the alleged forwarding of *Communications Daily* emails did not cause Free Press to obtain any profit.

55. Free Press was not aware and had no reason to believe that any acts of Free Press or its employees constituted an infringement of copyright.

56. To the extent this Court may find Free Press to have infringed any copyright belonging to Defendant, Free Press was an innocent infringer.

57. Free Press was unaware of the alleged forwarding of *Communications Daily* emails by its employee(s) and did not act willfully.

58. Free Press is a nonprofit educational institution, library, or archives for purposes of Section 502(c)(2) of the Copyright Act, 17 U.S.C. § 504(c)(2).

59. Defendant's recovery for copyright infringement is barred by its failure to mitigate damages.

60. Defendant's copyright infringement claim is barred by the applicable statute of limitations.

61. Defendant's copyright infringement claim is barred by the equitable doctrine of unclean hands.

62.  Defendant's copyright infringement claim is barred by the equitable doctrines of waiver, estoppel, laches, and acquiescence.

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the foregoing, Plaintiff hereby prays for relief as follows:

a.  Declaratory relief as to the amount of Plaintiff's liability, if any, to Defendant for copyright infringement;

b.  An order requiring Defendant to pay Plaintiff's costs including attorneys fees in bringing this action under the Copyright Act;

c.  Compensatory damages for violation of the Robinson Patman Act;

d.  An order trebling the compensatory damages awarded for violation of the Robinson Patman Act;

e.  An order requiring Defendant to pay prejudgment interest on treble the compensatory damages awarded for violation of the Robinson Patman Act;

f.  An order requiring Defendant to pay Plaintiff's costs including attorneys fees in bringing this action for violation of the Robinson Patman Act; and

g.  Such other legal and equitable relief as this Court deems to be appropriate.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues triable to a jury in this matter.

Date: April 10, 2008                           Respectfully submitted,

*[signature: Robert N. Cook]*

Robert N. Cook (Bar No. 426058)
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-9400 (fax)

Counsel for Plaintiff
FREE PRESS

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
FREE PRESS
501 Third Street N.W., Suite 875
Washington, D.C. 20001

**DEFENDANTS**
WARREN COMMUNICATIONS NEWS, INC.
2115 Ward Court N.W.,
Washington, D.C. 20037

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400

Case: 1:08-cv-00623
Assigned To : Friedman, Paul L.
Assign. Date : 4/10/2008
Description: General Civil

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

**● E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☒ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 2201 et seq., 17 USC 101 et seq., 15 USC 13 et seq., declaratory judgment on copyright infringement claim, with Robinson Patman claim

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☐  If yes, please complete related case form.

DATE 10 Apr 08   SIGNATURE OF ATTORNEY OF RECORD  Robert W. Cole (DC Bar # 426058)

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.